**UNITED STATES of America, Plaintiff,**

v.

**John P. SPOMAR, Defendant.**
**No. 62 CR 621.**

United States District Court
N. D. Illinois, E. D.
Jan. 14, 1963.

James P. O'Brien, U. S. Atty., by Henry T. Sanders, Asst. U. S. Atty., for plaintiff.

William A. Barnett, Crowley, Barnett & Goschi, Chicago, Ill., for defendant.

ROBSON, District Judge.

This is an indictment in three counts alleging that the defendant, John P. Spomar, attempted to evade and defeat a large portion of the income tax due and owing by him and his wife for the years 1958, 1959 and 1960, in violation of 26 U.S.C. § 7201.

Count I alleges that the defendant filed a joint return for the year 1958 in which he stated that the income of himself and his wife was $10,402.74 and that the amount of tax due thereon was $2,445.71, whereas he knew that the taxable income for the year was $40,967.74, upon which there was a tax due of $15,202.93.

Count II alleges that he filed a joint return in which he stated their income for 1959 was in the sum of $6,893.67 and that the amount of tax due thereon was $1,616.60, whereas he knew that their taxable income was $44,147.12 upon which there was a tax due of $17,026.80.

Count III alleges that for the year 1960 the defendant filed a joint return in which he stated their income was $10,443.57 and that the tax due thereon was $2,531.33, whereas he knew that the taxable income for that year was the sum of $51,446.65, upon which there was due a tax of $21,369.52.

Defendant has moved for a bill of particulars. An examination of the motion reveals that it seeks to inquire into the Government's evidence and the theory upon which it will proceed.

The indictment as summarized above fulfills the requirement of Rule 7(c) of the Federal Rules of Criminal Procedure, which states that the indictment "shall be a plain, concise aud definite written statement of the essential facts constituting the offense charged."

The defendant seeks more particularity as to the following matters:

1. Which entries on the return the Government intends to prove are false.

2. Which entries on the return the Government contends are correct.

3. Whether the gross income for the years in issue was understated.

4. The nature of any alleged unreported income, the source of it, and the dates paid to the defendant and his wife.

5. Whether the Government will offer proof at the trial of the falsity of any deductions claimed.

6. Which deductions are alleged to be false and the correct amount of such deductions.

7. The manner in which the Government arrived at the figures for the alleged income and the taxes due thereon.

8. Whether the Government will offer at the trial proof of any income in excess of the amount stated in the indictment.

9. The nature of any income in excess of the amounts stated in the indictment, the persons from whom received and the amount of receipts.

In United States v. Doyle, 234 F.2d 788 at page 794 (7th Cir., 1956), which was a prosecution under the 1939 code section from which Section 7201 was derived, the Court stated:

"* * * Defendant complains that his motion for a bill of particulars prior to trial was improperly denied. Ordinarily, of course, it is safe practice for the court, in the exercise of its discretion, to permit a demand for a bill of particulars. However, a proper bill of particulars does not require inclusion of a statement of the theory of law upon which the Government expects to proceed [citing cases] but is to be confined to facts relied upon, and supplied only where there is no opportunity afforded for the defendant to prepare to meet the charges of the indictment without further information as to such particulars. The allowance or denial of the motion is largely a matter of discretion and denial will not be treated as prejudicial error or abuse of discretion where there is no proof of prejudice."

Further, it seems that the information that defendant is seeking may be deter-

mined from an inspection of his own records.

"* * * The general rule is that particulars such as these will not be furnished when the one seeking them is in possession of the means of ascertaining them." United States v. Skidmore, 123 F.2d 604, 607 (7th Cir., 1941).

■■ The Court concludes that inasmuch as the indictment meets the requirements of advising the defendant of the charge he has to meet and that defendant has not shown sufficient cause to require the Government to reveal the evidence of its case, the motion must be and is denied.